UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAKEVEE WIGGINS,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN ENGLISH, et al.,<br><br>Defendants. | CAUSE NO. 3:25-CV-930-GSL-JEM |

OPINION AND ORDER

Dakevee Wiggins, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Wiggins is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Wiggins is an inmate at Miami Correctional Facility ("Miami"). He claims that on or about July 8, 2025, he was attacked and stabbed by another inmate. He claims that

prior to the attack, Tracy Warden,[1] the Classification Supervisor at Miami, assigned him to a unit he was not supposed to be assigned to because of a prior protective custody request. His allegations are somewhat vague, but it can be discerned that he believed an inmate or inmates in that housing unit posed a threat to him, and claims this was documented in prison records. He suspects that her decision to send him to that housing unit was "not a mistake" but a "set up." He claims he notified her four times in writing over the course of several weeks that he was in danger and needed to be moved, but she allegedly ignored him. He was then attacked and injured. Based on this incident, he sues the Classification Supervisor and former Warden Brian English for money damages.

The Eighth Amendment imposes a duty on prison officials to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must allege that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). To be held

[1] Wiggins spells her name a couple of different ways in the complaint and attachments; the court has used the spelling listed on the first page of the complaint form, where he identifies the Defendants. (ECF 1 at 4.)

liable, a defendant must have "acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008); *see also Sinn v. Lemmon*, 911 F.3d 412, 422 (7th Cir. 2018).

Giving Wiggins the inferences to which he is entitled at this stage, he has alleged a plausible failure-to-protect claim against the Classification Supervisor. He claims prison records showed he was not supposed to be assigned to that housing unit, and that he told her multiple times that he was in danger. However, she allegedly did nothing to assist him or prevent the attack. As a result, he was stabbed and injured. He will be permitted to proceed further on this claim.

He also sues the former Warden of Miami. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and this official cannot be held liable for damages merely because he oversaw operations within the prison at the time of this incident. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Supervisors can be held liable for a constitutional violation committed by a subordinate, but only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). There is an insufficient basis in the complaint from which the court could plausibly infer that the former Warden was privy to the advance warnings Wiggins sent, or that he otherwise knew about and approved of or condoned the actions of the Classification Supervisor. It appears Wiggins wrote to the Warden after the fact to complain about

what happened, but that alone does not support a claim for damages. *See Burks*, 555 F.3d at 595. He has not stated a plausible claim on this ground.

Wiggins also purports to bring a claim against one or both Defendants under the Americans with Disabilities Act ("ADA"). Title II of the ADA provides that qualified individuals with disabilities may not "be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. "Disability" in this context means: "(1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment." *Steffen v. Donahoe*, 680 F.3d 738, 743 (7th Cir. 2012) (citation and internal alteration omitted). When an inmate seeks damages, the Seventh Circuit has suggested replacing a prisoner's ADA claim with a parallel claim under the Rehabilitation Act given the uncertainty about the availability of damages under Title II. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671-72 (7th Cir. 2012). Relief under these two statues is coextensive. *Id.* To allege a claim under the Rehabilitation Act, a plaintiff must allege that (1) he is a qualified person (2) with a disability and (3) the defendant denied him access to a program, service, or activity because of his disability. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015).

Wiggins alleges that he has an unspecified "mental disability," and the court must accept this allegation as true at this stage. However, he does not plausibly allege that he was discriminated against or denied services because of a disability. Rather, as

he describes it, the Classification Supervisor simply assigned him to the wrong housing unit. He will not be permitted to proceed on a disability-related claim.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Tracy Warden in her individual capacity for money damages for failing to protect him from being attacked by another inmate on or about July 8, 2025, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Brian English as a defendant;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Tracy Warden at the Indiana Department of Correction and to send them a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Tracy Warden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 6, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT